UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHRISTOPHER WILLIAMS,

                 Plaintiff,

v.

Case No.

CAFE STEINHOF INC. and
GARY HOLTAN,

                 Defendants.
_____/

## COMPLAINT

Plaintiff, CHRISTOPHER WILLIAMS, by his undersigned counsel, hereby files this Complaint and sues, CAFE STEINHOF INC. and GARY HOLTAN, for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG").

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

2. Plaintiff, Christopher Williams, currently resides in Brooklyn, New York, and is *sui juris*. He is a qualified individual with disabilities under the ADA law. Christopher is a Paraplegic with a T12 injury level. As a result Christopher is bound to ambulate in a wheelchair. He has visited the property, which forms the basis of this lawsuit and plan to return to the property to avail himself of the goods and services offered to the public at the property, and to

1

determine whether the property has been made ADA compliant. His access to the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and ADA violations which exist at the facility, including but not limited, to those set forth in the Complaint.

5. Defendant, CAFE STEINHOF INC., is a domestic corporation and transacts business in the State of New York and within this judicial district. Defendant is the lessee of the premises located at 422 7th Ave, Brooklyn, NY 11215, and the owner/operator of the business located at the premises.

4. Defendant, GARY HOLTAN, is an individual and transacts business in the State of New York and within this judicial district. Defendant is the owner/lessor, of the real property, 422 7th Ave, Brooklyn, NY 11215, which is the subject of this action located on or about (hereinafter the "Facility").

5. The Defendants' Facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

6. In this instance, Plaintiff visited the Facility and encountered barriers to access at the Facility, engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access as set forth herein.

7. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Facility.

8. All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises are located in the Eastern District.

**FACTUAL ALLEGATIONS AND CLAIM**

9. Plaintiff has attempted to access the facility, but could not do so without severe hardship, because of his disabilities, and the physical barriers to access and ADA violations that exist at the Facility, which restrict and/or limit his access to the goods and services offered at the Facility. The ADA violations are more specifically set forth in this Complaint.

10. Plaintiff intends to visit the Facility again in the near future in order to utilize all of the goods and services offered therein but will be unable to do so because of the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

11. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods and services of the facility, as prohibited by 42 U.S.C., § 12182, et.seq., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

12. Defendants have discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations, which preclude and/or limit Plaintiff's ability to access the Facility and full and equal enjoyment of the goods, services offered at the Facility include:

      I.     INACCESSIBLE ENTRANCE. REQUIRED ACCESSIBLE ROUTE NOT PROVIDED TO ESTABLISHMENT. EXISTING STEP AT

ENTRANCE ACTS AS A BARRIER TO ACCESSIBILITY. REQUIRED RAMP NOT PROVIDED FOR STEP AT ENTRANCE.

 a. Contrary to ADAAG 206, ADAAG 206.1, ADAAG 206.2, ADAAG 206.2.1, ADAAG 207, ADAAG 207.1 and ADAAG 303.4.

II. REQUIRED MINIMUM MANEUVERING CLEARANCE NOT PROVIDED AT ENTRANCE DOOR.

 a. Contrary to ADAAG 404.2.4.

III. INACCESSIBLE DINING TABLES. REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT DINING TABLES. A MINIMUM PERCENTAGE OF EXISTING DINING TABLES REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

 a. Contrary to ADAAG 226, ADAAG 226.1, ADAAG 902.2, ADAAG 306.2, ADAAG 306.2.3, ADAAG 306.2.5, ADAAG 306.3, ADAAG 306.3.3 and ADAAG 306.3.5.

IV. INACCESSIBLE BAR. REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT BAR. NON-COMPLIANT HEIGHT OF BAR EXCEEDS MAXIMUM HEIGHT ALLOWANCE. A PORTION (5%) OF BAR REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

 a. Contrary to ADAAG 226, ADAAG 226.1, ADAAG 902, ADAAG 902, ADAAG 902.2 and ADAAG 902.3.

V. INACCESSIBLE RESTROOM. REQUIRED MINIMUM CLEAR WIDTH NOT PROVIDED AT OPENING OF RESTROOM DOOR.

 a. Contrary to ADAAG 404.2.3.

VI. RESTROOM DOOR SWINGS INTO THE FLOOR SPACE OF RESTROOM FIXTURES.

 a. Contrary to ADAAG 603.2.3.

VII. NON-COMPLIANT DOOR KNOB AT RESTROOM DOOR REQUIRES TWISTING OF THE WRIST.

 a. Contrary to ADAAG 404.2.7 and ADAAG 309.4.

VIII. INACCESSIBLE WATER CLOSET IN RESTROOM. REQUIRED MINIMUM CLEARANCE NOT PROVIDED AT WATER CLOSET.

 a. Contrary to ADAAG 604, ADAAG 604.3 and ADAAG 604.3.1.

IX. REQUIRED GRAB BAR NOT PROVIDED ON REAR WALL OF WATER CLOSET.

   a. Contrary to ADAAG 604.5.

X. NON-COMPLIANT EXISTING GRAB BAR AT SIDE WALL OF WATER CLOSET DOES NOT MEET MINIMUM SIZE REQUIREMENT.

   a. Contrary to ADAAG 604.5 and ADAAG 604.5.1.

XI. NON-COMPLIANT POSITION OF FLUSH CONTROL LOCATED AT CLOSED SIDE OF WATER CLOSET.

   a. Contrary to ADAAG 604.6.

XII. INSULATION OF PIPES AND WATER LINES UNDER THE LAVATORY NOT PROVIDED AS REQUIRED.

   a. Contrary to ADAAG 606.5.

XIII. INACCESSIBLE MIRROR IN RESTROOM. NON-COMPLIANT HEIGHT OF MIRROR LOCATED ABOVE LAVATORY EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

   a. Contrary to ADAAG 603.3.

13. The above listing is not to be considered all-inclusive of the barriers, which exist at the Facility. Plaintiff requires an inspection of the facility, in order to determine all of the ADA violations.

14. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

15. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

5

16. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

17. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject facility to make it readily accessible  to and useable by individuals with disabilities to the extent required by the ADA, closing the subject facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

*s/Maria Costanza Barducci*
Maria Costanza Barducci, Esq.
BARDUCCI LAWFIRM
Attorneys for Plaintiff
5 West 19th Street, 10th Floor
New York, New York 10011
Bar No.: 5070487
Telephone: 212-433-2554